# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| FRANKLIN CREDIT MANAGEMENT CORPORATION, | )<br>)<br>) |
| Appellant, | ) No. 1:15-cv-00043<br>) Senior Judge Haynes |
| v. | )<br>) |
| JEFFREY COOK, et al., | )<br>) |
| Appellees. | ) |

## MEMORANDUM

Appellants, Franklin Credit Management Corporation ("Franklin Credit"), Defendants in an adversary proceeding before the Honorable Marian F. Harrison, Bankruptcy Judge, filed this action. This appeal arises out of the third adversary proceeding by Plaintiff-Appellees Jeffrey Brent Cook and Lori Ann Cook ("the Cooks") against Franklin Credit, and presents three issues: (1) whether the Bankruptcy Judge erred in finding Franklin Credit to be in civil contempt and awarding the Cooks actual damages, attorneys' fees, and punitive damages; (2) whether the Bankruptcy Judge erred in denying Franklin Credit's motion for costs; and (3) whether the Bankruptcy Judge erred in denying Franklin Credit's motion to reconsider. (Docket Entry No. 7 at 9). For the reasons set forth below, the Court concludes that the Orders of the Bankruptcy Judge should be affirmed.

### A. Factual Background and Procedural History

On December 31, 2001, the Cooks filed a voluntary Chapter 13 petition. (Docket Entry No. 3-24 at 1). On July 10, 2006, the Cooks were discharged as debtors. Id. On August 24, 2009, the Cooks filed the first adversary proceeding against Franklin Credit, (Docket Entry No. 3-25 at 1), alleging that Franklin Credit sent several notices to the Cooks after they were discharged as debtors

informing the Cooks that their mortgage was not current and that the Cooks were facing foreclosure if they did not pay past due amounts in a short window of time, (Docket Entry No. 3-2 at 4, ¶ 9). On March 30, 2010, the parties settled this adversary proceeding by a Confidential Settlement Agreement and Release ("Settlement Agreement"). (Docket Entry No. 3-3).

On November 22, 2010, the Cooks filed a second adversary proceeding against Franklin Credit, (Docket Entry No. 3-26 at 1), alleging that Franklin Credit contravened the Settlement Agreement by charging the Cooks' mortgage account with legal fees related to the first adversary proceeding, (Docket Entry No. 3-2 at 5, ¶ 12). On May 9, 2011, the parties resolved this adversary proceeding by an Agreed Order. (Docket Entry No. 3-4). The Agreed Order provides, in relevant part:

    1.    IT IS ORDERED THAT THE DEFENDANT will forgive 100% of the Plaintiffs' current UPB, that is $4,264.19.

\* \* \*

    4.    IT IS ORDERED THAT THE DEFENDANT will release the lien on the plaintiffs' property.

    5.    IT IS ORDERED THAT THE DEFENDANT will correct any inaccurate or erroneous records on the plaintiffs' credit report.

\* \* \*

    7.    IT IS FURTHER ORDERED AND AGREED THAT THE PLAINTIFFS will in consideration of the compromise and settlement herein set forth . . . release and forever discharge "Franklin" . . . of and from any and all past and present claims, demands, obligations, actions, causes of action, rights, damages, costs, expenses and compensation of any nature whatsoever, known or unknown, whether based in tort, contract or any other theory of recovery, and whether for compensatory or punitive damages that the "Plaintiffs" at any heretofore have had, owned or held or that the "Plaintiffs" now have, own or hold or that relates to, is based upon, all relates to adversarial case number 1:10-00643A-MH-13 [the second adversary proceeding] and could have been

> alleged in said adversarial proceeding.
>
> 8. IT IS FURTHER ORDERED AND AGREED THAT THE PLAINTIFFS, to the extent any claims arise in connection with entering into, the negotiation of, and/or performing under this agreed order, "Plaintiffs" hereby agree to waive and release those claims, including but not limited to, claims arising under Real Estate Settlement and Procedures Act (RESPA), Truth in Lending Act (TILA), Equal Credit Opportunity Act (ECOA), Fair Credit for the Act (FCRA), Fair Debt Collection Practices Act (FDCPA), or Home Ownership and Equity Protection (HOEPA), Consumer Protection Act and/or any state lending laws and regulations in consideration for the execution of this agreed order as they would relate to this adversary proceeding.

(Docket Entry No. 3-4 at 1-2).

On May 16, 2013, the Cooks filed a third adversary proceeding against Franklin Credit. (Docket Entry No. 3-2 at 2). The Cooks alleged that Franklin Credit "should be held in contempt and sanctions awarded for violating both the confidential settlement agreement and the agreed order." (Docket Entry No. 3-2 at 6, ¶ 21). Specifically, the Cooks alleged that Franklin Credit was "reporting a balance to all of the bureaus . . . ." Id. at 7, ¶ 22.

On October 10, 2013, Franklin Credit filed a motion for judgment on the pleadings, (Docket Entry No. 3-11), arguing that the Cooks' credit reports contradicted their complaint, that the Cooks failed to plead properly a claim for relief, and that the Cooks' complaint was barred by the Agreed Order and the doctrine of laches. (Docket Entry No. 3-12).

On December 10, 2013, both Franklin Credit (Docket Entry No. 3-14) and the Cooks (Docket Entry No. 3-23) filed motions for summary judgment. The Cooks argued that the Bankruptcy Judge should find Franklin Credit in contempt under 11 U.S.C. § 524 because Franklin Credit knew about the Settlement Agreement and Agreed Order and violated those agreements multiple times. (Docket Entry No. 3-34 at 3-4). The Cooks also argued that sanctions were appropriate because Franklin

3

Credit's violations were willful. Id. at 5. Meanwhile, Franklin Credit repeated their arguments that the Cooks' credit reports contradicted their complaint, and that the Cooks' complaint was barred by the Agreed Order and the doctrine of laches. (Docket Entry No. 3-17 at 8-13). Franklin Credit also argued that they did not cause the Cooks' asserted damages, and that the Agreed Order subsumed the Settlement Agreement. Id. at 7-8, 11-12. On January 14, 2014, the Bankruptcy Judge held a hearing on the parties' cross-motions for summary judgment and denied both motions. (Docket Entry No. 3-62 at 1).

On July 25, 2014, Franklin Credit filed three motions for judgment on the pleadings. First, Franklin Credit moved that any claims based on the Settlement Agreement should be dismissed because the subsequent Agreed Order released Franklin Credit from any claims under the Settlement Agreement. (Docket Entry No. 3-48). Next, Franklin Credit moved that the Agreed Order is unenforceable because it contains a provision expressly waiving any claims by the Cooks arising in connection with performance under the Agreed Order. (Docket Entry No. 3-51). Finally, Franklin Credit moved that they did not violate the Agreed Order because Franklin Credit corrected the Cooks' credit report. (Docket Entry No. 3-54).

On September 12, 2014, the Bankruptcy Judge denied Franklin Credit's three motions for judgment on the pleadings filed on July 25, 2014. (Docket Entry No. 3-62). The Bankruptcy Judge determined that these three motions could be addressed by reviewing the pleadings and listening to the January 14, 2014, hearing on the parties' cross-motions for summary judgment. Id. at 1. The Bankruptcy Judge noted that Franklin Credit "has not shown how its motions for judgment on the pleadings are different from the relief sought on summary judgment, nor has the defendant provided any reason to change the Court's previous decision." Id. at 2.

4

On November 20, 2014, the Bankruptcy Judge held a trial and ruled in the Cooks' favor. (Docket Entry No. 3-85 at 86-89). On November 25, 2014, the Bankruptcy Judge issued an Order incorporating the following findings from trial:

> That the Defendant willfully violated the parties Agreed Order by not promptly fixing the Plaintiffs' credit reports and the Defendant did not establish any inability to comply with the Agreed Order.
> That the Defendant violated the Order declaring current and the discharge Order by attempting to collect from the Plaintiffs one month after the Plaintiffs received a discharge.
> That the Plaintiff's 2013 credit reports continued to show balances owed in the amount of $16,346.00 and $4,264.00 and two of the Plaintiffs' credit reports indicated delinquent payments, inconsistent with Order declaring current, for 2006, 2007 and 2008.
> That the Defendant did not correct the Plaintiffs' credit reports until after the Plaintiffs filed this third Adversary Proceeding [and after] the parties' failed mediation attempt in June 2014.
> That the Plaintiffs met their burden of proof by clear and convincing evidence.
> That relief sought by the Plaintiffs is appropriate and that it is relevant that the Defendant has a history of violating Orders from this Court including Orders to compel discovery and a previous sanction for Plaintiffs' having to compel discovery.
> That the Defendant is found to be in civil contempt.
> That the Court found Plaintiffs' testimony to be credible but will not award speculative damages relating to inability to obtain financing and/or rate of the financing due to the inaccurate credit reports.
> That the Defendant has shown numerous consistent failures to comply with the Court's Orders and the Plaintiffs have had to file three adversary proceedings against the Defendant to correct outstanding issues.
> That the Plaintiffs are awarded actual damages, attorney's fees and punitive damages, outlined as follows:
>
> | | |
> |---|---|
> | Court reporting cost | $328.40 |
> | Mediation cost | $787.50 |
> | Lost Wages Mr. Cook | $40.00 |
> | Lost wages Mrs. Cook | $396.00 |
> | Travel expenses | $100.00 |
> | Punitive damages | $5,000.00 |
> | Attorney's fees, per attach affidavit, in the amount of | $29,934.00[1] |

---

[1] The initial attorneys' fees award of $29,934.00 was reduced to $28,675.50 after the Bankruptcy Judge sustained Franklin Credit's objection to the first affidavit submitted by the

5

                Total award                                              $36,585.90

(Docket Entry No. 1-2 at 1-3).

On December 9, 2014, Franklin Credit filed a motion for reconsideration to alter or amend judgment, arguing, in relevant part, that the Bankruptcy Judge's finding of civil contempt was a manifest error of law because the express language of the prior orders released the Cooks' claims. (Docket Entry No. 3-71 at 4-7).

Also on December 9, 2014, Franklin Credit filed a motion for costs pursuant to Fed. R. Civ. P. 68, arguing that Franklin Credit should be awarded costs and attorneys' fees incurred after the date of their offer of judgment because the offer was more favorable than the final judgment obtained by the Cooks. (Docket Entry No. 3-72 at 2-4). Franklin Credit noted that they submitted an offer for judgment to the Cooks on October 15, 2014, in the amount of $10,000 that allowed the Cooks' counsel to "seek by separate motion the Court's approval of your attorneys' fees." Id. at 2. On January 16, 2015, counsel for each counsel testified to clarify the circumstances surrounding the offer of judgment. (Docket Entry No. 3-82 at 3, 8). The Bankruptcy Judge summarized the testimony as follows:

> Keith Slocum, counsel for the debtors, testified that after receiving the offer of judgment, he figured out that the debtors owed approximately $10,000 in attorney fees. Mr. Slocum testified that he called opposing counsel, Edward Russell, and was told that the defendant would object to any attorney fee claim. According to Mr. Slocum, Mr. Russell brought up the "American Rule," asserting that the debtors should be responsible for their own attorney fees and costs. Mr. Russell testified that Mr. Slocum called him to see if the defendant would be opposing attorney fees. Mr. Russell indicated that the defendant would object to fees, but under the offer, the debtors could make that request to the Court. Mr. Russell did not recall the American Rule coming up in the conversation or that it was an issue in the matter of the offer of judgment.

---

Cooks' attorney. (Docket Entry No. 3-83 at 2; Docket Entry No. 3-84 at 3).

Id. at 8 (footnotes omitted).

On April 10, 2015, the Bankruptcy Judge denied Franklin Credit's motion for reconsideration and motion for costs. (Docket Entry No. 3-83). As to reconsideration, the Bankruptcy Judge noted that Franklin Credit raised the same waiver argument at summary judgment, in its motions for judgment on the pleadings, and at trial. (Docket Entry No. 3-82 at 4). The Bankruptcy Judge found no basis for reconsidering its earlier findings that the Agreed Order was not unenforceable by its terms, and that Franklin Credit willfully did not comply with the Agreed Order. Id. As to the motion for costs, the Bankruptcy Judge gave more weight to Mr. Slocum's characterization of the telephone conversation that Franklin Credit would object to any attorney fee claim as part of the offer of judgment. Id. at 8-9. The Bankruptcy Judge also found that Franklin Credit was not entitled to costs and attorneys' fees for the period following their offer of judgment because attorneys' fees were part of the Cooks' final judgment, thus the final judgment was more favorable than Franklin Credit's offer. Id. at 9-10.

### B. Conclusions of Law

"On appeal from a bankruptcy court, a district court applies the clearly erroneous standard of review to findings of fact, and reviews questions on law *de novo*." In re Gardner, 360 F.3d 551, 557 (6th Cir. 2004). "A finding of fact is deemed clearly erroneous when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" In re Bavelis, 773 F.3d 148, 155 (6th Cir. 2014) (quoting In re DSC, Ltd., 486 F.3d 940, 944 (6th Cir. 2007)).

Franklin Credit argues that the Bankruptcy Judge erred in three ways: (1) the Bankruptcy

Judge improperly found Franklin Credit in contempt because the Agreed Order contains express release terms and the Cooks' credit reports reflect Franklin Credit's compliance with the Agreed Order; (2) the Bankruptcy Judge did not reexamine her findings regarding the release terms of the Agreed Order as required on a motion to alter or amend; and (3) the Bankruptcy Judge improperly awarded sanctions under 11 U.S.C. § 105. (Docket Entry No. 7 at 17-29).

### 1. Enforceability of the Agreed Order

First, Franklin Credit argues that the Agreed Order is unenforceable because it contains a provision waiving claims related to Franklin Credit's performance under the Agreed Order. (Docket Entry No. 9 at 7). "An agreed order, like a consent decree, is in the nature of a contract, and the interpretation of its terms presents a question of contract interpretation." City of Covington v. Convington Landing Ltd. P'ship, 71 F.3d 1221, 1227 (6th Cir. 1995). "If the language of [a] contract is clear and unambiguous, a court should follow its plain meaning." Withco, LLC v. Republic Servs. of Tenn., LLC, 818 F.Supp.2d 1040, 1048 (M.D. Tenn. 2011) (citing Maggart v. Almany Realtors, Inc., 259 S.W.3d 700, 704 (Tenn. 2008)). "[H]owever, if the words are ambiguous, i.e., susceptible to more than one reasonable interpretation, the parties' intent cannot be determined by a literal interpretation of the language. In such circumstances, the court must apply established rules of construction to determine the intent of the parties." Moran Indus., Inc. v. Mr. Transmission of Chattanooga, Inc., 725 F.Supp.2d 712, 717 (E.D. Tenn. 2010) (quoting Allmand v. Pavletic, 292 S.W.3d 618, 630 (Tenn. 2009)) (internal quotations omitted). "The court must give 'reasonable meaning to all of the provisions of the agreement, without rendering portions of it neutralized or without effect.'" Nat'l Fitness Ctr., Inc. v. Atlanta Fitness, Inc., 902 F.Supp.2d 1098, 1105 (E.D. Tenn. 2012) (quoting Maggart, 259 S.W.3d at 704).

The Court concludes that the plain language of the Agreed Order does not make the terms of the Agreed Order unenforceable because the Cooks' claim in this action is related to non-performance rather than performance. The Cooks contend that Franklin Credit violated the Agreed Order's requirement that Franklin Credit "correct any inaccurate or erroneous records on the [Cooks'] credit report." (Docket Entry No. 3-2 at 5, ¶ 15 and 7, ¶ 22). Paragraph 8 of the Agreed Order waives claims that "arise in connection with entering into, the negotiation of, and/or performing under [the] agreed order." (Docket Entry No. 3-4 at 2). "Performing" cannot reasonably be interpreted as "not performing." See Moran Indus., Inc., 725 F.Supp.2d at 717. Thus, a claim for non-performance is unambiguously permitted under the terms of the Agreed Order. See Withco, LLC, 818 F.Supp.2d at 1048. Further, interpreting Paragraph 8 to make the Agreed Order unenforceable would impermissibly "render[] portions of [the agreement] neutralized or without effect." See Nat'l Fitness Ctr., Inc., 902 F.Supp.2d at 1105.

## 2. Contempt

Next, Franklin Credit argues that the Bankruptcy Judge's finding of civil contempt was in error because Franklin Credit complied with the Agreed Order. (Docket Entry No. 7 at 24). "The purpose of civil contempt is 'to compel or coerce obedience to a court order or to compensate a party for another's noncompliance with a court order.'" In re Martin, 474 B.R. 789, at *5 (B.A.P. 6th Cir. 2012). The party seeking the contempt order must prove the following elements by clear and convincing evidence: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." In re Magack, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999) (citations omitted). Franklin Credit does not dispute that they had knowledge of the Agreed Order or that the

Order was specific and definite, arguing only that they did not violate the Agreed Order.

In contempt proceedings, "the basic proposition is that all orders and judgments of the court must be complied with promptly." Id. (citing N.L.R.B. v. Cincinnati Bronze, Inc., 829 F.2d 585, 590 (6th Cir. 1987)). "[I]mpossibility or an inability to comply with a judicial order is a valid defense to a charge of civil contempt." Id. (citing United States v. Bryan, 339 U.S. 323, 330-34 (1950)). To establish this defense, the "contemnor must establish that he has been reasonably diligent and energetic in attempting to comply with the court's mandate by taking all reasonable steps within his power to ensure compliance." Id. (citing Palmigiano v. DiPrete, 710 F.Supp. 875, 882 (D.R.I. 1989)).

The Agreed Order was entered on May 9, 2011. (Docket Entry No. 3-2 at 1). Paragraph 5 of the Agreed Order provides that Franklin Credit will "correct any inaccurate or erroneous records on the [Cooks'] credit report." Id. at 2. The Bankruptcy Judge found that Franklin Credit "willfully violated the Agreed Order by not promptly fixing the [Cooks'] credit reports" and that Franklin Credit "did not establish any inability to comply with the Agreed Order." (Docket Entry No. 1-2 at 1-2). Specifically, the Bankruptcy Judge found that the Cooks' "2013 credit reports continued to show balances owed in the amount of $16,346.00 and $4,264.00 and two of the [Cooks'] credit reports indicated delinquent payments, inconsistent with [the] Order declaring current, for 2006, 2007 and 2008." Id. at 2.

The Court concludes, as the Bankruptcy Judge found, that the information pertaining to Franklin Credit on the Cooks' 2013 credit reports was inaccurate and erroneous, in contravention of Paragraph 5 of the Agreed Order. Jeffrey Cook's TransUnion credit report retrieved on March 13, 2013, reflects a balance of $4,264.00 and delinquent payments in 2006 and 2007. (Docket Entry No. 3-6 at 2). Lori and Jeffrey Cooks' individual Equifax credit reports dated March 13, 2013, reflect a

balance of $16,346.00 and delinquent payments in 2006 and 2007. (Docket Entry No. 3-7 at 2-3, 5-6). Lori and Jeffrey Cooks' individual Experian credit reports dated March 13, 2013, reflect a balance of $4,264.00. (Docket Entry No. 3-8 at 2, 4).

Franklin Credit essentially argues that they are not responsible for the inaccurate information in the Cooks' March 2013 credit reports because they reported to the credit bureaus in May 2011 that the Cooks' account was "current, in good standing, and without past due payments." (Docket Entry No. 7 at 22). Yet, Franklin Credit's responsibility under the Agreed Order was not just to report the Cooks' account as current, but to "correct any inaccurate or erroneous records" on their credit report. (Docket Entry No. 1-2 at 2).[2] The Cooks' March 2013 credit reports erroneously reflected an account balance and delinquent payments. Franklin Credit's contention that they corrected the "sole remaining reporting issue" in June 2014, (Docket Entry No. 7 at 22), only bolsters the Cooks' argument that Franklin Credit had not completely complied with the Agreed Order at the time the third Adversary Proceeding commenced in May 2013. Franklin Credit's June 2014 effort, over three years after the Agreed Order was entered, does not comport with the "basic proposition [] that all orders and judgments of the court must be complied with promptly." See In re Magack, 247 B.R. at 410. The Court concludes that Franklin Credit's failure to "correct any inaccurate or erroneous

---

[2]According to Franklin Credit, "the Cooks expressly agreed, stipulated, and acknowledged that Franklin cannot force the three credit bureaus to report exactly what the Cooks wish for the credit bureaus to report, and the possibility existed that the Cooks would have to initiate action on their own with the credit reporting bureaus to alleviate any further inaccuracies in their credit reports after Franklin made the proper reporting to the bureaus." (Docket Entry No. 7 at 23). Yet, the Agreed Order at issue in this action contains no such agreement by the Cooks. Although the Settlement Agreement resolving the first adversary proceeding contains language to that effect, (see Docket Entry No. 3-3 at 6, ¶ 7), the Court concludes that Franklin Credit's compliance with the Agreed Order should be determined by the terms of the Agreed Order itself without regard to the Settlement Agreement.

records on the [Cooks'] credit report" was a violation of the Agreed Order, thus the Bankruptcy Judge's finding of contempt was not error.

### 3. Motion to Alter or Amend

Franklin Credit also contends that the Bankruptcy Judge erred in failing to alter or amend its final order pursuant to Fed. R. Civ. P. 59. The Court reviews for abuse of discretion a decision to deny a motion to alter or amend a judgment. In re J & M Salupo Dev. Co., 388 B.R. 795, 800 (6th Cir. BAP 2008) (citations omitted).

Bankruptcy Rule 9023 renders Fed. R. Civ. P. 59 applicable to bankruptcy actions. Motions to alter or amend under Fed. R. Civ. P. 59 should only be granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." GenCorp, Inc. v. American Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). "Motions for reconsideration are 'not an opportunity to re-argue a case' and should not be used by the parties to 'raise arguments which could, and should, have been made before judgment issued.'" In re Solomon, 436 B.R. 451, 453 (Bankr. W.D. Mich. 2010) (citations omitted).

Franklin Credit's motion for reconsideration argued that the Bankruptcy Judge's finding of civil contempt was a manifest error of law because the express language of the prior Orders released the Cooks' claims. (Docket Entry No. 3-71 at 4-7). The Bankruptcy Judge denied Franklin Credit's motion for reconsideration, noting its earlier findings that the Agreed Order was not unenforceable by its terms and that Franklin Credit willfully did not comply with the Agreed Order. (Docket Entry No. 3-82 at 4). Franklin Credit now contends that the Bankruptcy Judge's denial of reconsideration was in error for two reasons: (1) "[t]he trial court misinterpreted the release and waiver of any claim

12

for Franklin's failure to perform" and (2) "the trial court did not reexamine its order finding Franklin in civil contempt for having 'a long history of disregarding the orders of the Court'." (Docket Entry No. 7 at 25-26).

The Court concludes that the Bankruptcy Judge did not abuse her discretion in denying Franklin Credit's motion for reconsideration. First, as discussed above, the Court concludes that the Agreed Order did not release Franklin Credit from liability for failure to perform under the Agreed Order. Supra B.1. Further, Franklin Credit's second argument mischaracterizes the Bankruptcy Judge's Order. The Bankruptcy Judge did not find Franklin Credit in civil contempt for having "a long history of disregarding the orders of the Court," as Franklin Credit contends, but for "violat[ing] the Agreed Order of May 2011 . . . ." (Docket Entry No. 3-85 at 87). The Bankruptcy Judge only considered Franklin Credit's "long history of disregarding the orders of the Court" in her discussion of damages. Id. at 87-88. Thus, Franklin Credit's argument on this point is without merit.

### 4. Damages

The final issue is whether the Bankruptcy Judge's award, including punitive damages and attorneys' fees, was proper under Fed. R. Civ. P. 68 and 11 U.S.C. § 105. The Court reviews for abuse of discretion a bankruptcy court's award of sanctions pursuant to its inherent authority or under 11 U.S.C. § 105(a). In re John Richards Homes Bldg. Co., 552 Fed.Appx. 401, 405 (6th Cir. 2013) (citations omitted).

Bankruptcy Rule 7068 makes Fed. R. Civ. P. 68 applicable to adversary proceedings. Fed. R. Civ. P. 68 provides, in relevant part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . If the judgment that the offeree finally obtains is not more

favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

It is undisputed that Franklin Credit made an offer of judgment more than fourteen days before trial, but parties dispute whether the offer was more favorable than the final judgment.

On October 15, 2014, Franklin Credit, through its attorney, submitted an offer for judgment to the Cooks in the amount of $10,000 that allowed the Cooks' counsel to "seek by separate motion the Court's approval of your attorneys' fees." (Docket Entry No. 3-72 at 2). Attorneys for each parties discussed the offer over telephone, and the Bankruptcy Judge credited the Cooks' attorney's testimony that Franklin Credit would object to any attorney fee claim if the Cooks accepted the offer. (Docket Entry No. 3-82 at 8-9). The Cooks did not accept the offer and the trial proceeded as scheduled. The Bankruptcy Judge awarded the Cooks actual damages of $1,651.90, punitive damages of $5,000, and attorneys' fees of $28,675.50. (Docket Entry No. 1-2 at 2-3; Docket Entry No. 3-84 at 3). Thus, if attorneys' fees are not included as part of the final judgment, the $10,000 offer of judgment was more favorable than the final judgment and the Cooks would be required to pay Franklin Credit their "costs" incurred after October 15, 2014.

The Court concludes that the Bankruptcy Judge did not abuse her discretion in awarding the Cooks attorneys' fees as a sanction for misconduct under 11 U.S.C. § 105. The Supreme Court held that the term "costs" in Rule 68 refers to "all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.'" Marek v. Chesny, 471 U.S. 1, 9 (1985). Section 105(a) provides that the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." This power under § 105 includes

the authority to "award attorney fees as a sanction for misconduct." In re Mehlhouse, 469 B.R. 694, 711 (E.D. Mich. 2012) (citations omitted). Additionally, "[b]ankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct." In re Downs, 103 F.3d 472, 477 (6th Cir. 1996) (citing In re Rainbow Magazine, Inc., 77 F.3d 278, 283-84 (9th Cir. 1996)).

Franklin Credit cites In re Security Funding, Inc., 234 B.R. 398 (Bankr. E.D. Tenn. 1999) for the proposition that attorneys' fees are not recoverable as costs under § 105, but that case does not alter the Court's analysis. There, the Bankruptcy Judge declined to grant the defendants attorneys' fees as "costs" under Rule 68 or § 105 where the fees were incurred in defending an adversary proceeding that was dismissed. 234 B.R. at 400-01. Unlike here, In re Security Funding does not address the issue of sanctions or suggest that there was any misconduct by the non-prevailing party. See id. at 399-401. Here, the Bankruptcy Judge found that it was relevant to the relief sought by the Cooks that Franklin Credit "has a history of violating Orders from this Court including Orders to compel discovery and a previous sanction for Plaintiffs' having to compel discovery." (Docket Entry No. 1-2 at 2). The Bankruptcy Judge also found that Franklin Credit "has shown numerous consistent failures to comply with the Court's Orders and the [Cooks] have had to filed three adversary proceedings against [Franklin Credit] to correct outstanding issues." Id. The Bankruptcy Judge awarded the Cooks attorneys' fees as a sanction for this misconduct, and such an award is authorized under § 105. In re Mehlhouse, 469 B.R. at 711.

Franklin Credit also argues that relying on adversary proceedings prior to the Agreed Order to award sanctions constitutes reliance on erroneous findings of fact because those proceedings were settled and dismissed with prejudice. (Docket Entry No. 7 at 29). The Court concludes that the Bankruptcy Judge did not base her finding of sanctions on erroneous findings of fact. "[T]he

bankruptcy court is given a great deal of latitude in fashioning an appropriate sanction . . . ." In re Downs, 103 F.3d at 478. The Bankruptcy Judge found that Franklin Credit violated court Orders to compel discovery in this action, and that "[the Cooks] had to file three adversary proceedings against [Franklin Credit] to correct outstanding issues." (Docket Entry No. 1-2 at 2). The Bankruptcy Judge also found that Franklin Credit "did not correct the [Cooks'] credit reports until after the [Cooks] filed this third Adversary Proceeding [after] the parties' failed mediation attempt in June 2014." Id. Franklin Credit, as the party found in violation of the Agreed Order, can properly be sanctioned under § 105 to achieve compliance with the order of the court. 11 U.S.C. § 105(a) ("No provision of this title . . . shall be construed to preclude the court from . . . taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."); see also In re Seal, 192 B.R. 442, 455 (Bankr. W.D. Mich. 1996) ("Sanctions for civil contempt may include the award of compensatory damages for losses incurred, payment of attorneys' fees and costs, expungement of a creditor's claim, and payment of punitive damages.") (citing Matter of Schewe, 94 B.R. 938, 947 (Bankr. W.D. Mich. 1989)).

The Court also concludes that the Bankruptcy Judge did not err in awarding the Cooks $5,000 in punitive damages. "[Section] 105(a) grants bankruptcy courts the authority to award mild noncompensatory punitive damages . . . ." In re John Richards Homes Bldg. Co., 552 Fed.Appx. at 415. Punitive damages are only appropriate where the violation was "willful" and reflects a "clear disregard for the bankruptcy laws." In re Lafferty, 229 B.R. 707, 713 (Bankr. N.D. Ohio 1998) (citations omitted). As discussed above, the Bankruptcy Judge found that Franklin Credit repeatedly violated court Orders throughout this action and that Franklin Credit did not correct the Cooks' credit reports until after a failed mediation attempt in June 2014, over a year after the Cooks filed this

adversary proceeding. Thus, the Court concludes that the Bankruptcy Judge had the discretion to award the stated punitive damages. See In re Watkins, 240 B.R. 668, 683 (Bankr. E.D.N.Y. 1999) (including actual damages, attorneys' fees, and punitive damages in the calculation of the final judgment for Rule 68 purposes).

In sum, the Court concludes that the Cooks' final judgment was more favorable than Franklin Credit's Rule 68 offer of judgment, and the Bankruptcy Judge did not abuse her discretion in denying Franklin Credit Rule 68 relief.

Accordingly, for these reasons, the Bankruptcy Judge's Orders are affirmed.

An appropriate Order is filed herewith.

**ENTERED** this the 26 day of January, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge